MARGARET HENRY'S CASE.

Where a mortgagor dies in possession of the mortgaged premises, he is sufficiently seized thereof at the time of his death, to entitle his widow to an assignment of dower therein, upon a petition to the probate court, under the Rev. Sts. *c.* 60, § 3. The widow of a mortgagor of real estate, who has released her dower therein, is nevertheless entitled to have dower assigned to her in the mortgaged premises, (the mortgage debt still subsisting), upon a petition to the court of probate therefor, under the provisions of the Rev. Sts. *c.* 60, §§ 2, 3; provided the mortgagor died seized, and neither the mortgagee nor the heirs or devisees of the mortgagor object to such assignment.

THIS was an appeal from a decree of the judge of probate, disallowing the petition of the appellant for an assignment of dower in a tract of land in Worcester, of which the petitioner alleged that her husband, Patrick Henry, died seized, and in which she was entitled to dower.

The decree appealed from was as follows : " On hearing the petition aforesaid, it appeared that the tract of land therein set forth was conveyed in fee and in mortgage by the said Patrick Henry, during his coverture with the petitioner, she joining her husband in the mortgage deed and relinquishing her dower therein ; that the mortgage debt is still due and unpaid and the mortgage in full force ; that the administrator upon the estate of said Patrick Henry is the mortgagee, and made no objection to the assignment of dower in the whole estate, the residue being of sufficient value to pay the mortgage debt ; neither did any person object as heir or devisee ; upon the facts aforesaid, I decline assigning dower in said tract of land, and decree that the petition be dismissed."

The appellant assigned as reasons of appeal : " 1st. Because the facts stated in said decree do not furnish a legal

22 *

reason why the judge should refuse to exercise jurisdiction over the subject matter of said petition, and ought not to prevent the said Margaret from having her dower assigned pursuant to her said petition; 2d. Because the judge decreed, that her said petition be dismissed; whereas he ought to have decreed, that the prayer thereof be granted, and that her dower should be assigned accordingly."

*S. M. Burnside*, for the appellant, referred to Rev. Sts. c. 60, §§ 2, 3; *Sheafe* v. *O'Neil*, 9 Mass. 9; *Gibson* v. *Crehore*, 3 Pick. 475; *Gibson* v. *Crehore*, 5 Pick. 146, 149; *Eaton* v. *Simonds*, 14 Pick. 98, 103; *Messiter* v. *Wright*, 16 Pick. 151.

WILDE, J. This was a petition to the judge of probate by the appellant, for the assignment of her dower in a certain tract of land, of which her husband, Patrick Henry, had died seized. At the hearing of the petition in the probate court, it appeared that the tract of land described in the petition had been conveyed by the said Patrick Henry in fee and in mortgage, and that the petitioner joined with her husband in the mortgage deed, and relinquished her right of dower therein. But it also appeared, that the administrator upon the estate of the said Patrick Henry was the mortgagee, and made no objection to the assignment of dower in the whole estate, the residue being of sufficient value to pay the mortgage debt; neither did any person object as heir or devisee to such assignment.

Upon these facts, the judge of probate declined assigning dower as prayed for, and ordered the petition to be dismissed. The ground of decision is not stated; but it must have been either because, in the opinion of the judge of probate, the petitioner was not entitled to dower, or because the case was not within the jurisdiction of the court of probate. As to the first question, it is very clear that the appellant is entitled to dower, as against every person except the mortgagee and those claiming under him. It is so expressly provided by the Rev. Sts. c. 60, § 2, and she may, at her election, have her dower assigned to her according to the value of the estate, after deducting the mortgage debt; or it may be assigned to her in the whole estate, " provided, that if the heir, or other

person, claiming under the husband, shall redeem the mortgage, she shall repay such part of the money paid by him, as shall be equal to the proportion, which her interest in the mortgaged premises bears to the whole value thereof."

Whether she would be liable to pay such proportion, should the mortgage be foreclosed, may be a question, which, however, is not raised on this appeal; whatever may be the appellant's future liabilities, she has the right to have her dower assigned to her in the whole estate, the mortgagee not objecting.

And this assignment, in the opinion of the court, the judge of probate had a right to make. By the third section of the same chapter, it is enacted, that " When a widow is entitled to dower, in lands of which her husband died seized, and her right of dower is not disputed by the heirs or devisees, it may be assigned to her, in whatever counties the lands may lie, by the judge of probate for the county in which the estate of the husband is settled." In the present case, the appellant's right to dower was disputed by no one; and her husband died seized of the estate in which dower is claimed, notwithstanding the mortgage.

The title of a mortgagor of real estate is peculiar; for although by the mortgage deed a conditional title to the whole estate passes, and, as between the mortgagor and the mortgagee, the latter becomes seized of the legal estate, yet, as the mortgage is intended only as security for a debt, the mortgage, as between the mortgagor and all other persons, is considered only as a pledge and an incumbrance, the mortgagor still remaining the owner of the estate. We are of opinion, therefore, that the appellant's husband did die seized of the mortgaged premises, within the meaning of the third section; and as neither the mortgagee, nor any other person, made any objection to the assignment, the judge of probate was authorized to order it to be made, as prayed for and that it should have been so ordered and decreed.

*Decree of judge of probate reversed.*